**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Oliveros-Milanes, ) | CASE NO.  06-CV-0006-TUC-FRZ |
| ) | 05-CR-1348-TUC-FRZ |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Petitioner's January 4, 2006 "Motion for Time Reduction by an Inmate in Federal Custody. (28 U.S.C. § 2255)." The Court will dismiss the motion without prejudice because the Court lacks subject matter jurisdiction over this second habeas petition.

**Background**

Pursuant to a plea agreement, Petitioner entered a plea of guilty to the Indictment, which charged him with entering and being found in the United States after having been denied admission, excluded, deported, and removed from the United States, and not having obtained the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission to the United States, in violation of 8 U.S.C. § 1326, enhanced by 8 U.S.C. § 1326(b)(2).

After Petitioner was sentenced in this case, Petitioner filed a "Motion for Time Reduction by an Inmate in Federal Custody, (28 U.S.C. § 2255)" on November 16, 2005.


1  On December 2, 2005, the Court issued an Order in which it concluded that Petitioner had
2  waived in his plea agreement his claim for a sentence reduction and that, alternatively, his
3  claim of an equal protection violation lacked merit under existing Ninth Circuit case law.
4  The Court denied the § 2255 habeas petition and dismissed the case (CV-05-693-TUC-FRZ).

5  On January 4, 2006, Petitioner filed the current § 2255 habeas petition in which he
6  seeks a reduction of his sentence because he claims his right to equal protection is violated
7  by the fact that deportable alien prisoners, unlike their United States citizen counterparts, are
8  ineligible for a one-year sentence reduction for attending a drug treatment program during
9  incarceration.  His motion also contains a petition for commutation of sentence, which is not
10 within this Court's authority to grant or deny.  *See Graham v. Angelone*, 73 F. Supp. 2d 629,
11 630 (E.D. Va.1999).

**Discussion**

13 Under 28 U.S.C. §§ 2255 and 2244(b)(3), a petitioner may not file a second or
14 successive § 2255 habeas petition in the district court unless the petitioner has obtained a
15 certification from the Ninth Circuit Court of Appeals authorizing the district court to consider
16 the second habeas petition.

17 The Court already rejected Petitioner's first § 2255 habeas petition.  Petitioner's
18 current petition, therefore, is his second § 2255 habeas petition and in it Petitioner seeks the
19 same relief on the same ground he did in his first § 2255 habeas petition.  Because Petitioner
20 has failed to obtain permission from the Ninth Circuit before filing this second § 2255 habeas
21 petition, the Court lacks subject matter jurisdiction over the second § 2255 habeas petition
22 and must dismiss it.  *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)
23 (concluding that district court lacked jurisdiction to consider second § 2255 petition when
24 petitioner had failed to request certification from appellate court prior to filing the second
25 § 2255 petition in the district court); *United States v. Alvarez-Ramirez*, 128 F. Supp. 2d 1265,
26 1267 (C.D. Cal. 2001) (dismissing second § 2255 petition for lack of subject matter
27 jurisdiction because petitioner failed to obtain Ninth Circuit certification).  The Court,

however, will dismiss the case without prejudice so that Petitioner can seek certification from the Ninth Circuit Court of Appeals to file a second or successive § 2255 habeas petition.

Pursuant to Ninth Circuit Rule 22-3(a), the Court will direct the Clerk of the Court to refer Petitioner's second § 2255 habeas petition to the Ninth Circuit Court of Appeals. Moreover, as a courtesy to Petitioner, the Court will direct the Clerk of the Court to provide Petitioner with a form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Petitioner's January 4, 2006 "Motion for Time Reduction by an Inmate in Federal Custody. (28 U.S.C. § 2255)" (U.S.D.C. document #21 in CR-05-1348-TUC-FRZ) and this action (CV-06-0006-TUC-FRZ) are **DISMISSED WITHOUT PREJUDICE** to allow Petitioner to seek certification from the Ninth Circuit Court of Appeals to file a second or successive petition.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SEND** a copy of this Order and Petitioner's January 4, 2006 "Motion for Time Reduction by an Inmate in Federal Custody. (28 U.S.C. § 2255)" (U.S.D.C. document #21 in CR-05-1348-TUC-FRZ) to the **Ninth Circuit Court of Appeals**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of this Order on **Petitioner** and **SHALL PROVIDE** Petitioner with a form recommended by the Ninth Circuit Court of Appeals for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255.

1  **IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy
2  of this Order and Petitioner's January 4, 2006  "Motion for Time Reduction by an Inmate in
3  Federal Custody.  (28 U.S.C. § 2255)" (U.S.D.C. document #21 in CR-05-1348-TUC-FRZ)
4  on **Respondent**.

6  DATED this 19th day of January, 2006.

*Frank R. Zapata*
FRANK R. ZAPATA
United States District Judge

**Form 12.**     **Application for Leave to File Second or Successive Petition**
*(New, 7/1/02)*     **Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255**

## UNITED STATES COURT of APPEALS
## for the NINTH CIRCUIT
**95 Seventh Street**
**San Francisco, California 94103**

**Application for Leave to File Second or Successive Petition**
**Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255**

Docket Number _____
                              (to be provided by court)

Petitioner's name _____

Prisoner registration number

Address _____

---

**Instructions - Read Carefully**

(1) This application, whether handwritten or typewritten, must be legible and signed by the petitioner under penalty of perjury. An original and five (5) copies must be provided to the Clerk of the Ninth Circuit. The application must comply with 9th Circuit Rule 22-3, which is attached to this form.

(2) All questions must be answered concisely. Add separate sheets if necessary.

(3) The petitioner **shall** serve a copy of this application and any attachments on respondent and must complete and file a proof of service with this application.

(4) The petitioner **shall** attach to this application copies of the magistrate judge's report and recommendation and the district court's opinion in any prior federal habeas proceeding under 28 U.S.C. § 2254 or § 2255 or state why such documents are unavailable to petitioner.

---

**You *Must* Answer the Following Questions:**

(1) What conviction(s) are you challenging?

_____

_____

(2)   In what court(s) were you convicted of these crime(s)?

_____

_____

(3)   What was the date of each of your conviction(s) and what is the length of each sentence?

_____

_____

**For questions (4) through (9), provide information separately for each of your previous §§ 2254 or 2255 proceedings.  Use additional pages if necessary.**

(4)   With respect to **each** conviction and sentence, have you ever filed a petition or motion for habeas corpus relief in federal court under **28 U.S.C. § 2254** or **§ 2255**?
   Yes G       No G

   (a) In which federal district court did you file a petition or motion?

   _____

   (b) What was the docket number? _____

   (c) On what date did you file the petition/motion? _____

(5)   What grounds were raised in your previous habeas proceeding?
      (list all grounds and issues previously raised in that petition/ motion)

   _____

   _____

   _____

(6)   Did the district court hold an evidentiary hearing? Yes G       No G

(7) How did the district court rule on your petition/motion?

    ☐ District court **dismissed** petition/motion? If yes, on what grounds?

    _____

    ☐ District court **denied** petition/motion;

    ☐ District court **granted** relief;
       if yes, on what claims and what was the relief?

    _____

**(Attach copies of all reports and orders issued by the district court.)**

(8) On what date did the district court decide your petition/motion?
_____

(9) Did you file an appeal from that disposition?  Yes ☐    No ☐

    (a) What was the docket number of your appeal? _____

    (b) How did the court of appeals decide your appeal?_____
_____
_____

(10) State concisely each and every ground or issue you wish to raise in your current petition or motion for habeas relief.  Summarize briefly the facts supporting each ground or issue.
_____
_____
_____

(11) For each ground raised, was it raised in the state courts?  If so, what did the state courts rule and when?
_____

(12) For each ground/issue raised, was this claim raised in any prior federal petition/motion? (list each ground separately)
_____
_____

(13)    For each ground/issue raised, does this claim rely on a new rule of constitutional law? (list each ground separately and give case name and citation for each new rule of law)
_____
_____

(14)    For each ground/issue raised, does this claim rely on newly discovered evidence? What is the evidence and when did you discover it?  Why has this newly discovered evidence not been previously available to you?  (list each ground separately)
_____
_____
_____

(15)    For each ground/issue raised, does the newly discovered evidence establish your innocence? How?
_____
_____

(16)    For each ground/issue raised, does the newly discovered evidence establish a federal constitutional error?  Which provision of the Constitution was violated and how?
_____
_____

(17)    Provide any other basis for your application not previously stated.
_____
_____
_____

**Date:** _____          **Signature:**_____

**Proof of Service on Respondent MUST be Attached.**